UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAN LIN, EILEEN MEIQIN LI, JINGJING ZHENG, JIE LIN, and YA LIN, *individually and on behalf of all other persons similarly situated*,<br><br>                    Plaintiffs,<br><br>             -v-<br><br>TOYO FOOD, INC., d/b/a RED PLUM RESTAURANT, PETER CHEN, OYAMA WANG, and KENJI WANG,<br><br>                    Defendants. | Case No. 12-CV-7392 (KMK)<br><br><u>OPINION & ORDER</u> |

<u>Appearances:</u>

Allan S. Schiller, Esq.
Schiller Law Group PC
New York, NY
*Counsel for Plaintiffs*

John V. Golaszewski, Esq.
Orans, Elsen, Lupert & Brown LLP
New York, NY
*Counsel for Plaintiffs*

Richard A. Roberts, Esq.
White Plains, NY
*Counsel for Defendants*

Benjamin B. Xue, Esq.
Brian J. Shenker, Esq.
Xue & Associates, P.C.
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

        Plaintiffs Jian Lin, Eileen Meiqin Li, Jingjing Zheng, Jie Lin, and Ya Lin (collectively,

"Plaintiffs") bring this Action against Toyo Food, Inc. ("Toyo Food"), d/b/a Red Plum

Restaurant ("Red Plum"), Peter Chen, Oyama Wang, and Kenji Wang (collectively,

"Defendants"), alleging violations of the Fair Labor Standards Act, codified at 29 U.S.C. § 201,

*et seq.* ("FLSA"), and New York Labor Law.  (Dkt. No. 26.)  Plaintiffs move for an order

granting leave to file a Second Amended Complaint adding Mei Hua Food Inc. ("Mei Hua

Food") and its alleged principal Mei Hua Wang as defendants in this Action, pursuant to Federal

Rules of Civil Procedure 15 and 21 (the "Motion").  (Dkt. No. 78.)  For the following reasons,

the Motion is denied, without prejudice.  Plaintiffs may re-file a motion to amend attaching a

new proposed amended complaint, in accordance with the schedule at the end of this Opinion.

## I.  Background

Plaintiffs filed their initial Complaint in this case on October 2, 2012, (*see* Dkt. No. 1),

followed by an Amended Complaint on January 10, 2014, (*see* Dkt. No. 26).  The Amended

Complaint alleges that during the period of their employment with Toyo Food and its

"Chairmen, Chief Executive Officers, or shareholders" Peter Chen, Oyama Wang, and Kenji

Wang, Defendants "knowingly and willfully failed to pay Plaintiffs their lawfully earned

minimum wages . . . [and] overtime wages in direct contravention of the FLSA and New York

Labor Law," and likewise failed to pay the "'spread of hours' premium pay" required by New

York Labor Law.  (Am. Compl. ¶¶ 7, 10–12 (Dkt. No. 26).)  Plaintiffs allege that Defendants

"also failed to provide wage and hour notices at the beginning of employment and annually

thereafter as required under New York State Labor Law," did not "properly disclose or apprise

Plaintiffs of their rights under the FLSA," and "failed to maintain required posted notices [in

violation of FLSA] . . . [and] New York Labor Law."  (*Id.* ¶¶ 24, 33, 41.)  During that time,

Eileen Meiqin Li, Ya Lin, Jingjing Zheng, and Jie Lin worked as "[s]ervers," while Jian Lin

worked as a "[s]ushi [c]hef."  (*Id.* ¶¶ 15–16.)

On November 20, 2015, Plaintiffs filed the Motion and accompanying papers.  (Dkt. Nos. 78–80.)  Defendants responded with their opposition papers on December 30, 2015, (Dkt. Nos. 82–83), to which Plaintiffs replied on January 13, 2016, (Dkt. No. 84).

## II.  Discussion

Plaintiffs style their Motion—which seeks to add Mei Hua Food and Mei Hua Wang as defendants—as one seeking relief under Federal Rules of Civil Procedure 15 and 21.  Although motions to amend are generally governed by Rule 15(a), Rule 21 governs the joinder of parties.  However, "the showing necessary under Rule 21 is the same as that required under Rule 15(a)." *Raji v. Societe Generale Americas Sec. LLC*, No. 15-CV-1144, 2016 WL 354033, at *2 (S.D.N.Y. Jan. 21, 2016) (internal quotation marks omitted); *see also Clarke v. Fonix Corp.*, No. 98-CV-6116, 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999) ("Although Rule 21, and not Rule 15(a)[,] normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule." (internal quotation marks omitted)), *aff'd*, 199 F.3d 1321 (2d Cir. 1999).  Under Federal Rule of Civil Procedure 15(a), where a party cannot amend as a matter of course, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) (same).  "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330 (1971).  Nevertheless, that discretion is not unlimited, and while "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), "outright refusal to grant the leave

without any justifying reason for the denial is an abuse of discretion," *id.* at 201–02 (alteration and internal quotation marks omitted). "Under Rule 21, courts must consider judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, [and] the impact the amendment would have [both] on the judicial system, and . . . the parties already named in the action." *Michalek v. Amplify Sports and Entm't LLC*, No. 11-CV-508, 2012 WL 2357414, at *1 (S.D.N.Y. June 20, 2012) (internal quotation marks omitted); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-CV-9116, 2009 WL 1357946, at *2 (S.D.N.Y. May 12, 2009) (same).[1]

In the instant Motion, Plaintiffs seek to add Mei Hua Food and Mei Hua Wang as defendants. Plaintiffs claim that "Toyo Food sold Red Plum . . . to Mei Hua Food," adding in the Proposed Second Amended Complaint that Mei Hua Wang "is the Chairman, Chief Executive Officer, or shareholder of" Mei Hua Food. (Mem. in Supp. of Pls.' Mot. for Leave to Amend the Compl. ("Pls.' Mem.") 2 (Dkt. No. 79); Decl. of John V. Golaszewski Ex. A ("Proposed Second

---

[1] The Court notes that, in addition to Rule 15(a) and Rule 21, the instant Motion could be construed as being properly brought under Rule 15(d). Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading* to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). In any event, "[t]he same principles that support the liberal amendment of pleadings also apply to supplemental pleadings," and thus the Court's analysis remains the same regardless of the particular provision at issue. *Aktiebolag v. Andrx Pharm.*, 695 F. Supp. 2d 21, 25 (S.D.N.Y. 2010) (internal quotation marks omitted); *see also Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) ("An application for leave to file a supplemental pleading is addressed to the discretion of the court, and permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any party."); *Tolliver v. Malin*, No. 12-CV-971, 2014 WL 1378447, at *7 (S.D.N.Y. Apr. 4, 2014) (explaining that, whether construed as a motion under Rule 15(a) or 15(d), "the standard for determining the plaintiff's motion is the same"); *cf.* 6A Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spencer, Fed. Prac. & Proc. § 1504 (3d ed. 2016) ("Inasmuch as the discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental pleading, the court's inattention to the formal distinction between amendment and supplementation is of no consequence.").

Am. Compl." or "PSAC") ¶ 9 (Dkt. No. 80).)  They contend in their Memorandum that the

sale—which was not disclosed to Plaintiffs until a July 2015 deposition—was a "sham sale

devised to escape liability," as evidenced by the fact that the sale "occurred not only during the

pendency of this litigation, but likewise while Toyo Food was also under investigation by the

Department of Labor[,] which . . . [ultimately found] that Toyo Food had in fact violated federal

wage-and-hour laws."  (Pls.' Mem. 3.)  Plaintiffs also note that Toyo Food failed "to produce

documents that would exist in the case of any legitimate sale," and that "Defendants never once

raised Mei Hua Food's alleged ownership of Red Plum as a potential defense to this [A]ction,

until nearly two . . . years following the alleged sale."  (*Id.* at 3–4.)  Based on this alleged sham

transaction, Plaintiffs contend that the new defendants may be liable to Plaintiffs for any

judgment in this case on a theory of successor liability.  (*See* Reply Mem. of Law in Further

Supp. of Pls.' Mot. for Leave to Amend Their Compl. ("Pls.' Reply") 4–7 (Dkt. No. 84).)

Defendants argue that Plaintiffs' Motion is "futile[] [and] meritless, and would subject

Defendants to undue prejudice."  (Mem. in Opp'n to Pls.' Mot. for Leave to Amend the Compl.

("Defs.' Mem.") 1–2 (Dkt. No. 83).)  The Court will address Defendants' undue prejudice and

futility arguments in turn.  Ultimately, although the Court is not convinced by any of

Defendants' specific arguments, the Court does agree that the Proposed Second Amended

Complaint would be futile as currently drafted.

A.  Prejudice

The Court begins with potential prejudice to Defendants, as courts have recognized that

prejudice may well be the most important consideration when deciding a motion to amend.  *See,*

*e.g.*, *New Amsterdam Capital Partners, LLC v. Wilson*, No. 11-CV-9716, 2015 WL 1137576, at

*2 (S.D.N.Y. Mar. 13, 2015) ("[R]easons for a proper denial of leave to amend include undue

delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981))); *Crichlow v. Fischer*, No. 12-CV-7774, 2015 WL 678725, at *2 (S.D.N.Y. Feb. 17, 2015) (same).

> The Second Circuit has explained that in order to determine whether an amendment prejudices a non-moving party, courts should "generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."

*Portelos v. City of N.Y.*, No. 12-CV-3141, 2015 WL 5475494, at *2 (E.D.N.Y. Sept. 15, 2015) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)); *see also Oneida Indian Nation v. Cty. of Oneida*, 199 F.R.D. 61, 76–77 (N.D.N.Y. 2000) (same).  Often bearing on the above factors is "[t]he procedural posture of a case, including the stage of discovery and whether dispositive motions have been filed."  *A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311, 317 (S.D.N.Y. 2014); *see also Agerbrink v. Model Serv. LLC*, —F. Supp. 3d—, 2016 WL 93865, at *3 (S.D.N.Y. Jan. 7, 2016) ("Courts also consider the particular procedural posture of the case.").

Here, Defendants insist that they will be unduly prejudiced if Plaintiffs are permitted to amend because discovery has already closed, and thus adding the two new defendants would "further extend the already-lengthy duration of this matter," and would cause Defendants to expend additional resources as they must "tag on as Plaintiffs obtain discovery from the[] newly-added defendants."  (Defs.' Mem. 4.)  The Court finds that Defendants fall well short of establishing undue prejudice that would warrant the denial of Plaintiffs' Motion.

Although the need to engage in additional discovery is a relevant consideration and could counsel in favor of denying a motion to amend, *see Scott v. Chipotle Mexican Grill, Inc.*, 300

F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed."), "the fact that [Defendants] will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading," *Speedfit LLC v. Woodway USA, Inc.* No. 13-CV-1276, 2015 WL 6143697, at *4 (E.D.N.Y. Oct. 19, 2015) (internal quotation marks omitted); *see also JPMorgan Chase Bank*, 2009 WL 1357946, at *4 (same). Indeed, "allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice." *A.V.E.L.A.*, 34 F. Supp. 3d at 318 (alterations and internal quotation marks omitted); *see also Portelos*, 2015 WL 5475494, at *2 (noting that courts addressing the prejudice inquiry should consider whether the proposed amendment would "require the opponent to expend *significant* additional resources to conduct discovery" (emphasis added) (internal quotation marks omitted)); *Kochisarli v. Tenoso*, No. 02-CV-4320, 2006 WL 721509, at *4 (E.D.N.Y. Mar. 21, 2006) (finding "the [d]efendants' arguments asserting prejudice" to be "not compelling" where the defendants merely asserted "that they would incur additional litigation costs regarding discovery," and not that "those additional costs would be 'significant.'"), *on reconsideration in part*, 2007 WL 1017613 (E.D.N.Y. Mar. 30, 2007). As Plaintiffs argue, Defendants' own characterization of their potential discovery obligations as "tag[ging] on as Plaintiffs obtain discovery," (Defs.' Mem. 4; *see also id.* at 1), reinforces that any additional discovery burdens would be minimal at best, and certainly would not rise to the level of *undue* prejudice, *see Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-CV-6608, 2014 WL 113728, at *3 (S.D.N.Y. Jan. 13, 2014) ("It is *undue* prejudice, not prejudice itself, that justifies a denial of leave to amend.").

Although Defendants complain that the proposed amendment would "further extend the already-lengthy duration of this [case]," (Defs.' Mem. 4), it bears mentioning that no motions for

summary judgment have been filed, nor has a trial date been set, *see State Teachers Ret. Bd.*, 654 F.2d at 856 ("This is not a case where the amendment came on the eve of trial and would result in new problems of proof.  At the time [the] plaintiffs requested leave to amend, no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants." (citation omitted)); *see also Fernandez v. Windmill Distrib. Co.*, —F. Supp. 3d—, 2016 WL 452154, at *12 (S.D.N.Y. Feb. 4, 2016) ("[T]he Second Circuit has explicitly allowed amendments on the eve of trial." (citing *Hanlin v. Mitchelson*, 794 F.2d 834 (2d Cir. 1986)), *reconsideration denied*, 2016 WL 4399325 (S.D.N.Y. Aug. 17, 2016); *Agerbrink*, 2016 WL 93865, at *4 (finding no undue prejudice for motion to amend because, "[a]lthough the parties disagree on the status of discovery, discovery is still underway, and neither a summary judgment briefing schedule nor a trial date has been set" (citation omitted)).  Therefore, Defendants have not sufficiently explained how the additional discovery that will result from the amendment would "*significantly* delay the resolution of the dispute."  *Portelos*, 2015 WL 5475494, at *2 (emphasis added) (internal quotation marks omitted).  Moreover, Defendants bear some responsibility for the delay, given their recent disclosure of the sale of Red Plum from Toyo Food to Mei Hua Food.  *Cf. Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (finding that "forcing [the defendant] to proceed to trial, post-discovery, on a new complaint," solely because the plaintiff's prior "counsel . . . had failed to conduct substantive discovery" would be unduly prejudicial and affirming the district court's denial of the plaintiff's motion to amend); *Kochisarli*, 2006 WL 721509, at *4 (discounting the defendant's argument that resolution of the three-year-old case would be delayed by amendment where it was the defendant who sought a stay of discovery that itself delayed resolution of the case).

Finally, the Court is not swayed by Defendants' argument that Plaintiffs can simply bring their successor liability claims against the proposed defendants in a separate suit.  (*See* Defs.' Mem. 6–7.)  Although Defendants are correct that a successor liability claim can be pursued in a separate suit, *see, e.g.*, *AW Indus., Inc. v. Sleepingwell Mattress Inc.*, No. 10-CV-4439, 2011 WL 4404029, at *5 (E.D.N.Y. Aug. 31, 2011) ("Although a separate corporate entity, [the defendant] could be held liable for [another entity's] acts or judgments as an alter ego, mere continuation, or liable successor of [that entity], and [the] plaintiff is free to initiate a separate action to that effect."), *adopted by* 2011 WL 4406329 (E.D.N.Y. Sept. 21, 2011), courts exercising their discretion to grant leave to amend, add parties, or file supplemental pleadings should allow such amendment or supplementation "where it will promote the economic and speedy disposition of the controversy between the parties," *Judge v. N.Y.C. Police Dep't*, No. 05-CV-2440, 2008 WL 5148737, at *2 (S.D.N.Y. Dec. 8, 2008) (alteration omitted) (quoting *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989)); *see also Sly Magazine, LLC v. Weider Publ'ns L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) ("Under Rule 21, courts must consider judicial economy and . . . how the amendment would affect the use of judicial resources . . . ." (internal quotation marks omitted)); *Sorenson ex rel. Sorenson v. City of N.Y.*, No. 98-CV-3356, 1999 WL 199066, at *2 (S.D.N.Y. Apr. 9, 1999) ("Judicial economy alone justifies granting the plaintiff's motion [for leave to amend under Rule 15(a)].").  Plaintiffs seek to vindicate their rights under the FLSA and New York Labor Law.  The Court would promote judicial economy by ensuring that any party who, in addition to the currently-named Defendants, may be liable to Plaintiffs for the alleged violations is a party to this Action.  *See JPMorgan Chase Bank*, 2009 WL 1357946, at *4 n.2 ("Moreover, the possibility that [the existing defendant] and [the proposed additional defendant] may be held jointly and severally liable for certain damages weighs in favor of joining [the

proposed additional defendant] as a defendant."); *cf. Saratoga Potato Chips Co., Inc. v. Classic Foods, Inc.*, No. 12-CV-452, 2014 WL 2930495, at *6 (N.D. Ind. June 27, 2014) ("Allowing the supplemental complaint alleging that [the proposed additional defendant] is also liable for [the existing defendant's] debt through alter ego and successor liability theories will permit the [c]ourt to provide complete or nearly complete relief in a single action, and thus, promote judicial economy and convenience."); *Sorenson*, 1999 WL 199066, at *2 ("The Second Circuit has said, '[i]t is essential that the courts recognize that the Rules were intended to embody a unitary concept of efficient and meaningful judicial procedure.'" (alterations omitted) (quoting *Nasser v. Isthmian Lines*, 331 F.2d 124, 127 (2d Cir. 1964))).

Ultimately, Defendants have not established that they would be unduly prejudiced by Plaintiffs' proposed amendment.[2]

---

[2] It bears noting that, pursuant to Rule 16(b), a scheduling order issued by a district court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The applicability of Rule 16(b) to this Motion is not immediately apparent; the Court's scheduling order, issued on May 3, 2013, did not itself provide a date by which other parties could be added, or pleadings could be amended, but instead directed that "[n]o additional parties may be joined" and "[a]mended pleadings may not be filed," "except with leave of the Court." (*See* Dkt. No. 6.)

In any event, Plaintiffs can easily establish the "good cause" necessary for modification of any applicable scheduling order. "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *see also Gun Hill Rd. Serv. Station, Inc. v. ExxonMobil Oil Corp.*, No. 08-CV-7956, 2013 WL 1804493, at *12 (S.D.N.Y. Apr. 18, 2013) (same). A showing of diligence normally requires that "despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met." *Scott*, 300 F.R.D. at 197. "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Charles v. City of N.Y.*, No. 11-CV-2783, 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (internal quotation marks omitted). Plaintiffs did not learn of the purported sale of Red Plum until July 2015, and upon learning of it, "Plaintiffs immediately subpoenaed Mei Hua Food, that subpoena was ignored, and Plaintiffs promptly thereafter sought leave from this Court to amend their complaint." (Pls.' Mem. 1–2.) Indeed, Plaintiffs filed their pre-motion letter with this Court seeking permission to file the Motion on September 14, 2015, (*see* Dkt. No. 71), less than two months after they learned of the sale. Defendants do not argue that Plaintiffs should have known about the sale earlier based on other available information, and, tellingly, Defendants do not

B.  Futility

"Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) . . . ."  *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012); *see also IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").  Accordingly, "[i]n assessing whether the proposed complaint states a claim, [a court] consider[s] the proposed amendments along with the remainder of the complaint, accept[s] as true all non-conclusory factual allegations therein, and draw[s] all reasonable inferences in [the] plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement of relief."  *Panther Partners*, 681 F.3d at 119 (alterations, citation, and internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)).

Defendants argue that Plaintiffs' proposed amendments would be futile because:  (1) Plaintiffs' dates of employment ended before the sale of Red Plum to Mei Hua Food, (Defs.' Mem. 3), (2) Mei Hua Wang, as an individual, cannot be subject to successor liability, (*id.* at 7), and (3) the sale of Red Plum was legitimate and there is no overlap between the principals of Toyo Food and Mei Hua Food, (*id.* at 7–9).  The Court finds none of these arguments persuasive.

First, as Plaintiffs point out, Defendants' argument that Plaintiffs were never employed by Mei Hua Food or Mei Hua Wang is irrelevant because Plaintiffs do not seek to hold them directly liable for FLSA violations.  (*See* Pls.' Reply 4.)  Rather, Plaintiffs contend that they have

---

argue that the Motion should be denied based on any undue delay on the part of Plaintiffs (nor could they credibly do so).

11

provided sufficient allegations that the sale of Red Plum was a sham, and that the proposed additional defendants could therefore be held liable on a theory of successor liability.  (*See id.* at 4–7.)

Next, although Defendants claim that "successor liability claims cannot be brought against an individual," and argue that as a result "Plaintiffs cannot bring a successor liability claim against Mei Hua Wang," they offer no authority in support of this position.  (*See* Defs.' Mem. 7.)  While it is true that, "[f]or purposes of successor liability, the successor is the party that actually purchases the assets of the predecessor and continues the predecessor's business," *Bautista v. Beyond Thai Kitchen, Inc.*, No. 14-CV-4335, 2015 WL 5459737, at *5 (S.D.N.Y. Sep. 17, 2015) (internal quotation marks omitted), an aggrieved party can still seek to impose liability on an individual associated with the successor entity under a corporate veil-piercing theory, *see, e.g.*, *Merino v. Beverage Plus Am. Corp.*, No. 10-CV-706, 2011 WL 3739030, at *5–7 (S.D.N.Y. Apr. 11, 2011) (granting the plaintiffs' motion for summary judgment seeking to pierce the corporate veil of a corporation deemed to be subject to successor liability); *accord Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985) (holding that the liability of the individual that incorporated the successor corporation "can only be derivative of [the corporation's] successor liability").[3]

Finally, Defendants' contentions that "the principals of Toyo Food . . . and Mei Hua Food . . . are not identical and do not overlap," and that the sale of Red Plum was entirely legitimate, rely on the declaration of Defendant Peter Chen and various other sale documents.

---

[3] Under New York law, "plaintiffs seeking to pierce the corporate veil must establish: '(i) that the owner exercised complete dominion over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil.'"  *Merino*, 2011 WL 3739030, at *5 (quoting *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997)).

(*See* Defs.' Mem. 7–8.)  However, "[i]n evaluating whether a proposed amendment would be futile, the court typically applies the same standards as those governing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)," *Figueroa v. Napolitano*, No. 11-CV-2087, 2012 WL 3683558, at *2 (E.D.N.Y. Aug. 3, 2012) (citing, inter alia, *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.3d 119, 123 (2d Cir. 1991)), *adopted by* 2012 WL 3686384 (E.D.N.Y. Aug. 24, 2012), which means that the Court cannot consider materials outside of the proposed amended complaint, *see Permatex, Inc. v. Loctite Corp.*, No. 03-CV-943, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (explaining that an argument that "relies on materials outside of the pleadings . . . cannot be considered on a motion for leave to amend").  The Court, therefore, must reject Defendants' final futility argument.

Nevertheless, based on that same principle, the Court still must deny Plaintiff's Motion on futility grounds.  "Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006); *see also Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 400–401 (S.D.N.Y. 2012) (same).  This general rule, however, is subject to the exceptions that "a buyer of a corporation's assets will be liable as its successor if:  (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations."  *Nat'l Serv. Indus.*, 460 F.3d at 209 (internal quotation marks omitted); *see also Ramirez v. H.J.S. Car Wash Inc.*, No. 11-CV-2664, 2013 WL 1437600, at *5 (E.D.N.Y. Apr. 9, 2013) (same); *Schumacher v. Richards Shear Co.*, 451 N.E.2d 195, 198 (N.Y. 1983) (same).

13

Plaintiffs contend *in their Memorandum*, that "the alleged sale of Red Plum from Toyo Food to Mei Hua Food . . . was a sham," (Pls.' Mem. 3), and that they "have very good reason to believe that . . . the principals involved in Toyo Food and Mei Hua Food are either identical, or overlap to a significant extent," (*id.* at 7). These assertions certainly implicate the second, third, and fourth exceptions listed above.[4]  But the Proposed Second Amended Complaint, as provided to the Court, and upon which the Court must rely, *see, e.g.*, *Journal Publ'g Co. v. Am. Home Assur. Co.*, 771 F. Supp. 632, 635 (S.D.N.Y. 1991) ("[I]t is axiomatic that a court may not look beyond the face of the complaint on a motion to dismiss for failure to state a claim.  Thus, the

---

[4] "Courts generally find that the fraudulent transfer exception is met where [the] [p]laintiff has sufficiently pled a fraudulent conveyance claim."  *Rosa v. TCC Commc'ns, Inc.*, No. 15-CV-1665, 2016 WL 67729, at *6 (S.D.N.Y. Jan. 5, 2016) (collecting cases).  Under New York law, "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future creditors."  N.Y. Debt. & Cred. Law § 276.  "There are three elements to a [§] 276 claim:  (1) the thing transferred has value out of which the creditor could have realized a portion of its claim; (2) that this thing was transferred or disposed of by debtor; and (3) that the transfer was done with actual intent to defraud."  *Rosa*, 2016 WL 67729, at *3 (internal quotation marks omitted).  Further, a party asserting a fraudulent conveyance claim under § 276 "must plead actual intent to defraud with the particularity required by Fed. R. Civ. P. 9(b)."  *A.J. Heel Stone, L.L.C. v. Evisu Int'l, S.R.L.*, No. 03-CV-1097, 2006 WL 1458292, at *3 (S.D.N.Y. May 25, 2006).
      With respect to the de facto merger and mere continuation exceptions, courts consider the following factors:

> (1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation.

*Battino*, 861 F. Supp. 2d at 401 (quoting *Nat'l Serv. Indus.*, 460 F.3d at 209).  The Court notes that there is some disagreement as to whether the broader "substantial continuity" successor liability test, which does not require continuity of ownership, is applicable in FLSA cases.  *See id.* at 402 (explaining that "[d]istrict [c]ourts in th[e] [Second] Circuit have reached divergent results on [the] issue" and collecting cases).  The Court need not address the issue in this Opinion.

14

[c]ourt will consider only the sufficiency of the allegations contained in the [p]roposed

[a]mended [c]omplaint."), would undoubtedly fail to survive a motion to dismiss by the proposed

additional defendants; there are no allegations of any sale, fraudulent intent, or continuity of

operations between Toyo Food and Mei Hua Food, or any allegations about Mei Hua Wang's

potential liability under a veil-piercing theory, *see, e.g.*, *Jalili v. Xanboo Inc.*, No. 11-CV-1200,

2011 WL 4336690, at \*4 (S.D.N.Y. Sept. 15, 2011) (dismissing claim for successor liability

where the plaintiff "fail[ed] to allege facts sufficient to give rise to an inference of 'continuity of

ownership' between [the relevant entities]"); *Sgaliordich v. Lloyd's Asset Mgmt.*, No. 10-CV-

3669, 2011 WL 441705, at \*7 (E.D.N.Y. Feb. 8, 2011) (granting motion to dismiss where "the

complaint ha[d] alleged nothing about the relationship between [the two relevant entities] or how

[one entity] 'became' [the other]" and thus "fail[ed] to state a claim for successor liability that

[was] plausible on its face"); *Kaplan v. Aspen Knolls Corp.*, 290 F. Supp. 2d 335, 340 (E.D.N.Y.

2003) ("[A] plaintiff must plead facts sufficient to show that the[] elements [of a corporate veil-

piercing or alter ego theory] are satisfied.").[5]  Accordingly, the Court finds that Plaintiffs'

---

[5] The Court acknowledges that the Proposed Second Amended Complaint, as written, may adequately state a claim for *direct FLSA liability* against Mei Hua Food and Mei Hua Wang, as they are grouped together as "defendants" with the currently-named Defendants and there are no allegations addressing *when* the two groups of defendants owned Red Plum.  (*See, e.g.*, PSAC ¶ 9 ("Mei Hua Wang participates in the day-to-day operations of Red Plum Restaurant [and] supervised and controlled the terms and conditions of Plaintiffs' employment and/or . . . those of similarly situated employees.  With respect to Plaintiffs and/or other similarly situated employees, [Mei Hua Wang] had the power to (i) fire and hire, (ii) determine rate and method of payment and (iii) otherwise affect the quality of employment.").)  However, Plaintiffs have made clear that they seek to hold the new defendants liable under a theory of successor liability, not direct liability.  (*See, e.g.*, Pls.' Reply 4 (referring to Defendants' argument that the Proposed Second Amended Complaint is futile because Plaintiffs never worked for the proposed defendants as a "red herring" because it "conveniently speeds past . . . Plaintiffs' argument that the so-called 'sale' of Red Plum . . . was a sham . . . and . . . the legion of authority which holds that successors-in-interest of an entity may be held liable for illegal actions of their predecessors").)  Therefore, even if the Proposed Second Amended Complaint may sufficiently state a claim for direct FLSA liability, Plaintiffs' proposed amendment remains futile.

Case 7:12-cv-07392-KMK-JCM   Document 86   Filed 08/26/16   Page 16 of 16

Proposed Second Amended Complaint would be futile as currently drafted and thus denies

Plaintiffs' Motion. However, the Motion is denied without prejudice with leave to re-file a new

motion to amend.[6]

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion is denied without prejudice. Plaintiffs may

file a new motion with a proposed amended complaint that contains any allegations it wishes to

assert to support its successor liability and corporate veil-piercing theories. If Plaintiffs wish to

re-file their motion, they must do so by September 9, 2016. Defendants' opposition, if any, is

due by September 30, 2016. Any reply is due by October 7, 2016. The Clerk of Court is

respectfully requested to terminate the pending Motion. (Dkt. No. 78.)

SO ORDERED.

Dated:     August  25 , 2016
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[6] The Court chooses not to speculate as to how it would have ruled if the arguments put
forward in Plaintiffs' Motion papers were also included within Plaintiffs' Proposed Second
Amended Complaint. Even if the Court found that those arguments, if included in the Proposed
Amended Complaint, would have sufficiently pled a successor liability claim, the Court would
not be inclined to grant Plaintiffs' Motion. Granting the Motion despite a patently inadequate
Proposed Second Amended Complaint would likely lead to additional motion practice and
further efforts to seek amendment of the pleadings, which would undercut the important judicial
economy concerns described above.

16